UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| IN RE: | Request for International Judicial Assistance from the Circuit Court in Olsztyn, Poland: Matter of Wieslaw Krotosyznski |

No. 07-MISC-0027

NAM/DEP

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

The United States is seeking an Order appointing a Commissioner to collect evidence concerning a divorce action, which has been requested by the Circuit Court in Olsztyn, Poland in its attached Letter of Request (Exhibit A) made pursuant to The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 28 U.S.C. §1781, [hereinafter referred to as "the Hague Evidence Convention" or "the Convention"]. The Hague Evidence Convention is an international treaty; adopted on March 18, 1970, ratified by the United States on June 13, 1972, and entered into force on October 7, 1972. As an international treaty, the Hague Evidence Convention is entitled to be recognized as part of the supreme law of the land, under U.S. Const. Art. VI, cl.2. Laker Airways Limited v. Pan American World Airways, 103 F.R.D. 42, 49 (D.D.C. 1984). The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. Asakura v. City of Seattle, Washington, 265 U.S. 332, 341 (1924).

A.     The Convention

The Hague Evidence Convention represents the international legal community's response to the difficulties posed in obtaining evidence abroad. The principal purpose of the Convention was to promote mutual judicial co-operation in civil and commercial matters. The Convention obligates the Parties to provide assistance in obtaining requested evidence to the other in "commenced or contemplated" judicial proceedings related to civil and commercial matters. Article 1. A Letter of Request under the convention can be made for documents, depositions, or interrogatories. See Hudson v. Hermann Pfauter GmbH & Co., 117 F.R.D. 33, 35 (N.D.N.Y. 1987).

A Letter of Request, submitted in conformity with the Convention's procedures, must be honored unless the act requested does not fall within the function of that country's judiciary; the requested country considers that its sovereignty or security would be prejudiced thereby; or it has made a specific reservation preventing the act requested from being executed. Article 12.

B. Use of the Convention to Execute Requests for Assistance

The Hague Evidence Convention contains little in the way of a procedural framework for executing a Letter of Request. Instead, it relies on the law of each requested state to establish procedures for executing requests in that state. Article 9 provides, in relevant part: "The judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed." The language in this

2

article of the Convention refers to the internal procedural law of the requested authority. In re Letter of Request from the Boras District Court, 153 F.R.D. 31, 35 (E.D.N.Y. 1994).

The requested contracting state, i.e. the United States, internal procedures to be utilized in a request for judicial assistance from a foreign tribunal are set forth in 28 U.S.C. § 1782. Consequently, federal district courts routinely utilize the "commission" procedure authorized by 28 U.S.C. §1782 to fulfill their judicial responsibility under the Convention of executing foreign evidence requests.

1. Appointment of a commissioner

Section 1782 provides in pertinent part that:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A federal district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. The order should designate as "commissioner" a U.S. Magistrate, an Assistant United States Attorney, or in some instances, a foreign authority together with (or in lieu of) an Assistant United States Attorney. See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991) [hereinafter Hong Kong].

3

Application to a federal district court for appointment of a commissioner to execute a foreign request for judicial assistance is handled <u>ex parte</u>.  <u>In re Letter of Request from the Crown Prosecution Service of the United Kingdom</u>, 870 F.2d 686, 688 (D.C. Cir. 1989); <u>In re Letters Rogatory from the Tokyo District, Tokyo, Japan</u>, 539 F.2d 1216, 1219 (9th Cir. 1976).

### 2. <u>Establishment of an evidence-collecting procedure</u>

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A federal district court empowers a commissioner to collect the evidence using the procedure prescribed by the court.  A court has "complete discretion in prescribing the procedure to be followed." Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), <u>reprinted in</u> 1964 U.S. Code Cong. & Admin. News 3782, 3789.  When a court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply.  <u>In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan</u>, 16 F.3d 1016, 1019 (9th Cir. 1994) [hereinafter <u>Tokyo</u> 1994]; <u>Hong Kong</u>, 138 F.R.D. at 32.  However, as Section 1782 makes clear, when a court does specify a procedure other than one in accordance with the Federal Rules of Civil

Procedure, the alternative procedure shall apply. In re Letter of Request from the Government of France, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991).

        a.    Commissioner's subpoena

Article 18 provides that a Requested Contracting State should apply its internal procedural law to effectuate the gathering of evidence:

> A Contracting State may declare that a commissioner authorized to take evidence . . . may apply to the competent authority designated by the declaring State for appropriate assistance to obtain evidence by compulsion. If the authority grants the application it shall apply any measures of compulsion which are appropriate and are prescribed by its law for use in internal proceedings.

If a federal district court so orders, a commissioner may use the attached form, entitled commissioner's subpoena, to obtain the requested evidence. See, e.g., United States v. Erato, 2 F.3d 11, 12-13 (2d Cir. 1993) (incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the court for the production of evidence in accordance with both the Convention and Section 1782. See Article 18; 28 U.S.C. § 1651. Upon authorization by a court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the evidence request.

        b.    Notice of evidence taking

Article 10 requires a use of compulsory process in the execution of Polish requests comparable or similar to that in domestic civil investigations or prosecutions:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution or ordersv issued by the authorities of its own country or of requests made by parties in internal proceedings.

In domestic civil trials, issuance of a subpoena commanding production of documents from a non-party requires notice to be served on each party to the suit. See Fed. R. Civ. P. 45; Tokyo 1944, 16 F.3d at 1020. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested with notice to be served on the parties as well as on the recipient of the commissioner's subpoena, except to the extent that a Poland request asks for specific notice procedures. In this instance, the Polish requesting authority has advised this Office that the notice procedures have been met in Polnad, apparently with notice of the instant request.

C. The Present Request

The instant Letter of Request has been made by the Circuit Court in Olsztyn, Poland in connection with a divorce proceeding currently pending in the Circuit Court in Olsztyn, Poland. The Circuit Court in Olsztyn, Poland has asked for assistance by requesting that we obtain responses, under oath, from Mr. Wieslaw Krotoszynski to the questions contained in the attached letter of request from the Circuit Court in Olsztyn, Poland, concerning his divorce.

Accordingly, to execute this request, the government moves this Court to issue the attached Order appointing Assistant United States Attorney Michael C. Olmsted, as

6

Commissioner, authorizing him to take the actions necessary, including the issuance of Commissioner's subpoenas, to obtain the evidence requested, and to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof in Poland.

Respectfully submitted,

GLENN T. SUDDABY
UNITED STATES ATTORNEY

By: _____
Michael C. Olmsted
Assistant United States Attorney
Bar Roll # 505858

## REQUEST/DEMANDE/WNIOSEK

FOR OBTAINING EVIDENCE OR PERFORMING SOME OTHER JUDICIAL ACT
par commission rogatoire, d'accomplir des actes d'instruction ou d'autres actes judiciaires
o przeprowadzenie dowodu lub wykonanie innych czynności sadowych
COURT
Tribunal (l'autorité requérante)
**Sąd Okręgowy**
IN
á
    **w Olsztynie**
THE REPUBLIC OF POLAND
République de Pologne
**Rzeczpospolita Polska**

SĄD OKRĘGOWY
ul. Dąbrowszczaków 44
10-001 OLSZTYN 1
Tel. (0-89) 523 01 81
Fax (0-89) 527 76 95

REFERENCE NUMBER OF THE CASE
(REPLYING, PLEASE GIVE THE REFERENCE NUMBER)
Numéro de référence du dossier
(á mentionner dans la réponse)
    **Sygnatura sprawy: VI RC 783/02, Oz 188/02**
*(sygnaturę proszę podać przy odpowiedzi)*
TO
[THE DESCRIPTION OF THE REQUESTED AUTHORITY]
A
(designation de l'autorité requise)
**Do: Departament of Justice of the United States Office of the International Judicial Assistance, Washington D.C. 20530**
(nazwa organu wezwanego)
PLAINTIF / PETITIONER
(FIRST NAME, LAST NAME, ADDRESS OR THE PLACE OF RESIDENCE OF ENTITY)
Demandeur / Demanderesse
(prénom, nom, domicile, nom et siége pour personne morale)
    **W sprawie powoda/wnioskodawcy Anna Krotoszyńska**
    **107 Engert Ave # 2R, Brooklyn, NY 11222, USA**
*(imię, nazwisko, adres lub nazwa i siedziba osoby prawnej)*
REPRESENTED BY
(FIRST NAME, LAST NAME, ADDRESS OF THE LEGAL REPRFSENTATIVE)
représenté(e) par
(prénom, nom, domicile du mandataire)
**reprezentowanego przez: adwokat Ryszard Koziara, Kancelaria Adwokacka, ul. Legionowa 14/16 p. 126, 15 – 099 Białystok**
*(imię, nazwisko, adres pełnomocnika)*
VERSUS: DEFENDER
(FIRST NAME, LAST NAME, ADDRESS OR THE PLACE OF RESIDENCE OF ENTITY)
contre: défendeur/défenderesse
(prénom, nom, domicile, nom et siége pour personne morale)
**przeciwko**/z udziałem **Wiesław Krotoszyński**
    **DIN: 05-r-1225, Watertown Correctional Facility,**
    **PO BOX 168, Watertown, NY 13601-0168**
*(imię, nazwisko, adres lub nazwa i siedziba osoby prawnej)*
REPRESENTED BY
(FIRST NAME, LAST NAME, ADDRESS OF THE LEGAL REPRESENTATIVE)
représenté(e) par
(prénom, nom, domicile du mandataire)
reprezentowanemu przez:      ----------
*(imię. nazwisko, adres pełnomocnika)*
KIND AND THE SUBJECT OF THE PROCEEDINGS:
la nature et l'objet du litige:


GOVERNMENT EXHIBIT

rodzaj i przedmiot postępowania: **divorce**
PURSUANT TO THE ARTICLE I OF THE CONVENTION OF MARH 18TH, 1970 ON THE TAKING OF EVIDENCE ABROAD IN A CIVIL OR COMMFR-CIAL MATTERS THE COURT KINDLY REQUESTS FOR:
Le tribunal susmentionneé demande par commission rogatoire (Convention sur l'obtention des preuves á l'étranger en matiére civile ou commerciale, du 18 mars 1970, article 1):
zgodnie z art. 1 Konwencji z dnia 18 marca 1970 r. o przeprowadzeniu dowodów za granicą w sprawach cywilnych lub handlowych uprzejmie prosi o:
1) HEARING THE WITNESS/**PARTY**
(FIRST NAME, LAST NAME, ADDRESS)
d'entendre le témoin/ la partie (prénom, nom, domicile)
**przesłuchanie** świadka/strony **Wiesław Krotoszyński**
**DIN: 05-r-1225, Watertown Correctional Facility,**
**PO BOX 168, Watertown, NY 13601-0168**

*(imię, nazwisko, adres)*
**THE LIST OF THE QUESTIONS ATTACHED**
Questionnaire de commission rogatoire ci-joint.
**Lista pytań w załączeniu.**

**THE COURT KINDLY REQUESTS FOR HEARING** WITNESS/**PARTY**:
Le Tribunal demande á ce que les dépositions du témoin/de la partie:
**Sąd uprzejmie prosi, aby zeznania** świadka/**strony:**
AFTER INFORMING HIM ON CRIMINAL LIABILITY FOR FALSE OR MIS-LEADING STATEMENTS/AFTER TAKING AN OATH IN THE APPROPRIATE WAY PROVIDED BY LAW IN FORCE*
ayant été rendu(e) attentif (attentive) aux sanctions pénales encourues pour faux témoignage/aprés avoir prété serment (fait promesse) dans le respect des formes prescrites par la loi locale appliccable*
**po uprzedzeniu o odpowiedzialności karnej za złożenie fałszywych zeznań/** po odebraniu przyrzeczenia (przysięgi) w formie przewidzianej prawem miejscowym* (zaznacz właściwe)
**THAT SHOULD BE RECORDED AND SIGNED BY THE PERSON IN QUESTION.**
soient consignées dans le procés-verbal et signée par la personne entendue.
**zostały zaprotokołowane i własnoręcznie przez osobę przesłuchaną podpisane.**
*2)* PERFORMING SOME OTHER JUDICIAL ACTS:
de procéder á d'autres actcs judiciaires:
o dokonanie innych czynności sądowych:
-----------------------------------------------------------
THE MENTIONED BELOW PERSON(S) SHOULD BE INFORMED ON THE DATE AND PLACE OF PERFORMING THF EVIDENCE:
La date et le lieu de l'exécution de la commission rogatoire doivent étre communiqués á:
O terminie i miejscu przeprowadzenia czynności dowodowej należy zawiadomić:
-----------------------------------------------------------
**THE COURT KINDLY ASKS FOR PROVIDING THE RECORDS OR ANY OTHER DOCUMENTS WHICH WERE DONE IN THE CASE TO THE REQUES-TING AUTHORITY AFTER EXECUTION OF THF REQUEST.**
Ayant exécuté la commission rogatoire l'autorité requise est priée de remettre á l'autorité requérante le procés-verbal ou tout autre document dressé au cours de l'instruction de la mesure sollicité.
**Po wykonaniu wniosku Sąd uprzejmie prosi o przesłanie protokołu bądź innych dokumentów sporządzonych w sprawie do organu wzywającego.**

SEAL OF THE COURT/Sceau du Tribunal/Pieczęć Sądu
Signature of judge/Signature du Juge/Podpis Sędziego
SĘDZIA SĄDU OKRĘGOWEGO
EWA PRZYBYSZEWSKA

DONE/ AT/THE
Fait á/le
Sporządzono w **Olsztyn**, dnia **28.06. 2006r.**



**Translation from the Polish language.**

LIST OF QUESTIONS -/-

The defendant, Wiesław Krotoszyński, should answer the following questions: -/-

1. Where does the defendant live - stay, where and when he was born, what is his occupation, profession, amount of income, place of employment? -/-

2. Does he accept the demands of the petition and agree to dissolution of marriage, or does he apply for dismissal of the petition? -/-

3. Has, in his opinion, the disintegration of marital life occurred, for what reason, when the physical, spiritual and economic union was severed, who is guilty of the disintegration of marital life? -/-

4. Does he apply for deciding about the fault of the parties or does he request dissolution of marriage without determining the fault? -/-

5. Do the parties have children, how many and in what age, which party takes care of their education? -/-

6. What amount of maintenance for his son Kamil does he propose?

7. Does he have any other direct dependents besides the children from the marriage, who? -/-

8. Does the defendant overuse alcohol and start rows? -/-

9. Have the Police intervened, if yes, then how often, for what offences he is staying in the Correctional Facility?

10. Does he maintain contact with the children and does he pay maintenance? -/-

11. Does he see any possibility of reconciliation with the wife and the children?

12. Does he want to make any motions as to evidence – what motions? -/-

13. Has the marriage of the parties been dissolved by means of a divorce, if yes, then was the decision issued by a court or by any other office? -/-

Judge of the Circuit Court in Olsztyn, Ewa Przybyszewska; illegible signature. -/-

Round seal in blue ink with the National Emblem of the Republic of Poland and lettering: The Circuit Court in Olsztyn *10*. -/-

---

Translated according to the presented document.

Register Number: 418/06

Fee: 49.30 PLN
VAT 22% = 10.84 PLN
Total: 60.14 PLN

Olsztyn, July 12, 2005

Jerzy Gozdek, M.A.
Sworn Translator
of the English Language

2